Star Wagon Co. v. Swezy, Lebo & Co.

---

STAR WAGON CO. v. SWEZY, LEBO & CO. ET AL.

1. **Practice in Supreme Court:** QUESTION NOT BROUGHT UP. Where plaintiff does not assign an instruction as error, and defendant does not appeal, the correctness of the instruction cannot be made a subject of inquiry in the appellate court.

2. **Instruction:** NOT SUPPORTED BY PLEADINGS OR EVIDENCE. Where in an action on a guaranty a settlement and waiver were pleaded, not as independent defenses, and were not in issue as such, and as independent matters they did not constitute a defense, because they occurred before the guaranty was executed, *held*, that it was error to instruct the jury as though the issues were formed on these matters, especially as there was no evidence whatever tending to show a settlement, or a waiver of the terms of the contract.

3. **Promissory Note:** GUARANTY: WAIVER OF NOTICE. In this case the defendants guaranteed the note in question, waiving notice and protest (see 52 Iowa, 392), and it was error for the court below to instruct the jury that defendants should have had notice of the default of the maker, and that plaintiff could not recover, except upon proof that defendants had suffered no injury or prejudice from want of notice.

VOL. LIX—39

Star Wagon Co. v. Swezy, Lebo & Co.

4. ———: ———: BY MEMBER OF DISSOLVED FIRM.   Where a firm was
    under obligation to execute a guaranty, and one of the members thereof,
    after the dissolution of the firm, executed it, *held* that the other mem-
    bers of the firm were bound thereby, and that they should not have been
    permitted to testify that the guaranty was not authorized by them.   See
    52 Iowa, 391.

*Appeal from Buena Vista District Court.*

FRIDAY, OCTOBER 20.

ACTION to charge defendants as the guarantors of a prom-
issory note.   Judgment was rendered upon a verdict for
defendants.   Plaintiff appeals.   The case has before been in
this court.   See 52 Iowa, 391.   .

*Hubbard, Clark & Dawly,* for appellant.

*Robinson & Milchrist,* for appellees.

BECK, J.—I.   The petition, among other matters, shows
that the defendants executed the written guaranty upon the
promissory note, which is the foundation of the action, pur-
suant to a contract whereby they were appointed by defend-
ants agents for the sale of wagons, and were bound to indorse
all notes taken upon sales made by them.   Upon the cause
being remanded, after the decision of the former appeal, de-
fendants filed a substituted· answer, which, we understand,
supersedes all prior answers.   It alleges that the guaranty was
signed by one of the partners long after the dissolution of the
firm and notice thereof to plaintiff, and without consideration
or authority.   Another count of the answer alleges that the
guaranty was executed after a full and complete settlement
between plaintiff and defendants for the notes guaranteed, and
after dissolution of the firm and notice thereof; that the notes
were delivered to, and accepted by, the plaintiff without the
indorsement, in full satisfaction of the claim of plaintiff upon
defendants; that, prior to such delivery, plaintiff had stated to ·
defendants that the provisions in the contract between the

parties requiring the indorsement of notes were frequently waived when the notes were good; that defendants fully understood and believed that plaintiff did waive the conditions of the contract requiring indorsement of the notes; that after the delivery of the notes, they were returned to defendants for collection, and after the dissolution of the firm were taken from defendants; that the maker of the notes was solvent, and continued so to be for a long time, and the note could have been collected; that defendants were led to the conclusion that they were relieved from all obligation on account of the notes, and took no steps to protect themselves, and no claim was made against them by plaintiff until after the maker of the note became insolvent. Upon these facts defendants aver that plaintiff is, and ought to be, estopped to claim against defendants any sum on account of the contract or guaranty. Other matters set out in the pleadings need not be recited.

II.   It will be observed that defendants plead an estoppel on account of the facts alleged in the answer as above set out. The answer does not plead a settlement or waiver of the condition of the contract requiring the guaranty. It will be observed that the alleged settlement was before the guaranty; hence, if the guaranty was made upon proper authority, the settlement could not have defeated it. It is not alleged as a fact that there was a waiver of the contract by defendants, but that defendants were led to believe that plaintiff would waive it. It may be stated here more explicitly that the answer shows that all the matters inducing defendants to believe plaintiff waived the contract, as well as the settlement, occurred before the execution of the guaranty. It is plain, therefore, that the defendants did not plead the settlement and waiver as defenses to the action, but as matters supporting the estoppel which is pleaded in the answer.

III.   The District Court, in the twelfth instruction, directed the jury to disregard the estoppel pleaded, and all evidence admitted to establish it. Plaintiff does not assign this instruction for error, and defendants do not appeal. The

correctness of the instruction cannot, therefore, in this case, be made the subject of inquiry.

IV.   But the District Court, regarding the settlement and waiver set up in defendant's answer as matter supporting the estoppel pleaded therein, as defenses pleaded, directed the jury as though issues had been formed upon these matters. The instructions are erroneous and should not have been given, for the reasons, which we may again state, that the settlement and waiver were not pleaded as independent defenses; they were not in issue as such, and as independent matters they do not constitute a defense, for they occurred before the guaranty was executed.

V.   The instructions ought not to have been given for another reason: There is no evidence whatever tending to show a settlement between the parties, or a waiver of the terms of the contract.

VI.   In the eleventh instruction, the court below directed the jury that defendants should have had notice of the default of the maker, and plaintiff cannot recover except upon proof that defendants suffered no injury or prejudice from want of notice.   The instruction is erroneous, and ought not to have been given.   We held upon the former appeal that defendants were not entitled to notice under this identical guaranty.

VII.   We also held upon the former appeal that, under the contract between the parties, the partner making the indorsement was authorized to do so for the reason that the act was done in discharge of an obligation upon the firm; "that, while he could not make a new contract, he could perform an old one," after the dissolution of the firm.   But the District Court permitted the other partners to testify that the one executing the guaranty was not authorized by them so to do.   In this there was error.   The absence of authority from other members of the firm cannot invalidate the guaranty.

The foregoing discussion disposes of all questions argued by counsel which need be now decided.   The judgment of the District Court must be                                   REVERSED.